CALABRIA, Judge.
Rashard Jamal Saunders ("defendant") appeals from a judgment entered upon jury verdicts finding him guilty of two counts of assault with a deadly weapon and one count of discharging a firearm into an occupied vehicle while the vehicle was in operation. After careful review, we find no error in the judgment.
Background
The evidence at trial established that on 4 May 2014, defendant was involved in a romantic relationship with Kristlin Simmons ("Ms. Simmons"). The parties had spent the previous night together at a hotel, but the next morning, defendant accused Ms. Simmons of taking money from him and left her at the hotel. Ms. Simmons's purse and cell phone were in defendant's car when he drove away.
Ms. Simmons called her friend, Sharay Hickman ("Ms. Hickman"), and asked for a ride from the hotel. Ms. Hickman borrowed her mother's car and drove to the hotel with a friend, Brittaey Williamson ("Ms. Williamson"). The three women then sought out defendant in order to retrieve Ms. Simmons's purse from his car. They found defendant's car parked in a driveway in a residential neighborhood. Ms. Hickman parked on the side of the street, approximately 20 to 25 feet away from defendant's car. She and Ms. Williamson remained inside the running vehicle while Ms. Simmons got out, walked over to defendant's car, and tried to open its doors to retrieve her purse.
As Ms. Simmons attempted entry, defendant came out of a house across the street. He was yelling at Ms. Simmons and started walking toward her, so she ran and hid behind a nearby house. Defendant stopped in the middle of the street, turned to Ms. Hickman's car, and fired a handgun. A bullet struck the rear window of the car, and Ms. Hickman sped away.
Ms. Hickman spoke with defendant a day or two after the shooting. Defendant apologized and told Ms. Hickman that he did not mean to shoot at her. He explained that he thought that she and Ms. Williamson were "some guys" and offered to pay for the broken window.
On 17 November 2015, a jury returned verdicts finding defendant guilty of (1) discharging a firearm into an occupied vehicle while it is in operation, and (2) two counts of assault with a deadly weapon. The trial court consolidated defendant's convictions into a single judgment and sentenced him, as a prior record level III, to a term of 82 to 111 months in the custody of the North Carolina Division of Adult Correction. Defendant gave oral notice of appeal at the close of his trial.
Analysis
Defendant argues that the trial court erred by denying his motion to dismiss the charge of discharging a firearm into an occupied vehicle, because the State failed to prove that he knew or had reasonable grounds to know that the vehicle was occupied. We disagree.
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation omitted), cert. denied , 531 U.S. 890, 148 L.Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted), cert. denied , 515 U.S. 1135, 132 L.Ed. 2d 818 (1995).
Pursuant to N.C. Gen. Stat. § 14-34.1(b) (2015), "[a] person who willfully or wantonly discharges a weapon ... into an occupied dwelling or into any occupied vehicle, aircraft, watercraft, or other conveyance that is in operation is guilty of a Class D felony." Our Supreme Court has interpreted this statute to include a knowledge requirement, such that the State must prove that the defendant discharged a firearm into a vehicle "with knowledge" that it was, or with reasonable grounds to believe that it might have been, occupied by one or more persons. State v. Williams , 284 N.C. 67, 73, 199 S.E.2d 409, 412 (1973).
Defendant contends that the State failed to present substantial evidence of this knowledge element. However, defendant's statement apologizing to Ms. Hickman and explaining that he thought that she and Ms. Williamson were "some guys" clearly establishes that he knew that the vehicle was occupied when he shot into it. While defendant challenges the evidentiary value of that statement, the trial court must view the evidence in the light most favorable to the State. Rose , 339 N.C. at 192, 451 S.E.2d at 223.
Conclusion
We conclude that the State met its burden of proving that defendant knew that Ms. Hickman's car was occupied when he discharged his firearm into the vehicle. Therefore, the trial court did not err in denying defendant's motion to dismiss the charge.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.